UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NANJING ELBLE ENVIRONMENTAL PROTECTION TECHNOLOGY CO., LTD.,

Plaintiff,

v.

REPET, INC., a California corporation; and DOES 1-20, inclusive,

Defendants.

Case No. ED CV 16-2030-VAP (SPx)

**MEMORANDUM AND ORDER DENYING APPLICATION FOR WRIT OF ATTACHMENT**

## I.

## INTRODUCTION

On October 7, 2016, plaintiff Nanjing Elble Environmental Protection Technology Co., Ltd. ("Elble") filed an application for writ of attachment against defendant RePet, Inc. ("RePet"). Plaintiff seeks attachment of $619,369.49, the amount it claims is owed by defendant as a result of defendant's breach of its contractual obligations. Plaintiff noticed a hearing on the application for November 10, 2016, which was later continued to November 15, 2016.

Plaintiff's application is supported by the declaration of Shuwei Zhao, who

claims to be the Chief Executive Officer of Elble, and by attached exhibits. Defendant opposed the application on November 7, 2016. The opposition is supported by the declarations of Jennifer Chuang, Jianwen Wang, and Heather Cameron. Chuang is a RePet shareholder and the company's Chief Financial Officer, Corporate Secretary, and Director. Docket no. 25-2 ¶ 1. Wang and Cameron are counsel for defendant, with Wang based in Shanghai, China and Cameron based in San Diego, California. *See* docket nos. 25-3, 25-4. On November 11, 2016, plaintiff filed a reply, accompanied by three declarations and exhibits thereto, as well as objections to the authenticity and admissibility of certain exhibits attached to the Jianwen Wang declaration supporting defendant's opposition.

The court held a hearing on this matter on November 15, 2016. Following the hearing, the court ordered the parties to submit supplemental briefing. Pursuant to that order, defendant filed a supplemental brief in support of its opposition to the application on November 17, 2016, and plaintiff filed a supplemental brief in support of its application on November 23, 2016.

Having considered the parties' memoranda and other submissions, and the arguments made at the November 15, 2016 hearing, the court finds plaintiff has not satisfied the statutory prerequisites for a writ of attachment. Accordingly, the court denies plaintiff's application for writ of attachment.

## II.

## BACKGROUND

Plaintiff Elble was formed and operates in Nanjing in the People's Republic of China. Declaration of Shuwei Zhao ("Zhao Decl."), docket no. 10-1 ¶ 2. Plaintiff is a manufacturing company that designs and produces plastic recycling machines and conveyors. *Id.* ¶ 3. Defendant RePet is a California corporation that processes plastic waste into a raw material for use in food and non-food

packaging. *Id.* ¶ 4.

Beginning in October 2010, the parties entered into a series of transactions in which defendant acquired machinery, equipment, and parts from plaintiff for use in defendant's business. *Id.* ¶ 5. On September 23, 2016, plaintiff filed a complaint against defendant for breach of contract, open book account, and account stated, seeking $616,369.49 plus interest and costs, and alleging that defendant has failed to pay plaintiff for the money owed under ten sales contracts executed between May 2013 and December 2014. Compl. at 3-8.

Plaintiff filed the present application for right to attach order and order for issuance of writ of attachment on October 7, 2016, seeking to attach $616,369.49 pursuant to the ten sales contracts cited in its complaint. Docket no. 10-2 ("App.") at 3-5. Plaintiff attaches the ten sales contracts and the corresponding commercial invoices, packing lists, and bills of lading detailing, inter alia, the goods plaintiff delivered to defendant, the amount owed, and the terms of payment. Zhao Decl. ¶¶ 7-16, Exs. 1-10. Shuwei Zhao declares the amounts owed remain unpaid, but provides no documentary support or explanation of how he knows this, apart from a letter stating a different amount owed that may or may not concern these ten contracts. *Id.* ¶¶ 7-17, Ex. 11.

In its opposition, defendant attaches bank statements and credit agreements from October 2013 through July 2014 demonstrating payments of at least $464,347.70 made to plaintiff, which defendant argues constitute payment in full for the last seven of the ten sales contracts plaintiff cited. Docket no. 25-1 ("Opp.") at 3; Chuang Decl. ¶ 19, Exs. F-N. Defendant claims it "may have also paid the full amount" for the first three sales contracts plaintiff cites, but "lacks sufficient information to determine whether payments were made." Opp. at 3; Chuang Decl. ¶ 20. Defendant attributes this lack of information concerning at least these first three sales contracts to a dispute forming the basis for a related

proceeding also before this court, *RePet, Inc. v. Shubin "Victor" Zhao, et al.* ("*RePet* case"), ED CV 15-2315-VAP (SPx).

As defendant alleges in both this matter and the *RePet* case, defendant was formed in April 2009 by Shubin Zhao, Shuwei Zhao's brother. Chuang Decl. ¶¶ 3-4. Shubin Zhao acted as the company's Chief Financial Officer and Chief Executive Officer, and had signature authority and control over defendant's bank accounts from the time of the company's formation until in or about August 2014. *Id.* ¶¶ 5, 12. Shubin Zhao resigned from his position as defendant's Chief Financial Officer in August 2014 and from his position as Chief Executive Officer in October 2014, after Chuang and others purchased controlling interests in the company and "discovered that Shubin Zhao engaged in widespread fraud, embezzlement, breaches of fiduciary duty, and conversion of [defendant's] funds and property." *Accord id.* ¶ 17; *see also id.* ¶¶ 6-11, 14-16, Exs. A-E. That discovery led defendant to file the *RePet* case against Shubin Zhao in November 2015. *Id.* ¶ 18.

Thus, defendant claims it lacks the necessary information about any payments made concerning the first three sales contracts plaintiff cites, because Shubin Zhao "controlled [defendant's] finances on the dates when these invoices were issued," and defendant therefore "needs to engage in discovery into Shubin Zhao's and [plaintiff's] financial records to provide a more informed response to Plaintiff's allegations with respect to the payment of these three remaining invoices." Opp. at 3; Chuang Decl. ¶¶ 20, 29.

On November 11, 2016, plaintiff filed a reply to defendant's opposition. Docket no. 26 ("Reply"). There, plaintiff attached another declaration from Shuwei Zhao, a declaration from Jing Jiang, plaintiff's accounting manager in China, and a declaration from plaintiff's counsel Brian Neach containing certified translations of the Jiang declaration and portions of its accompanying exhibits.

*See* docket nos. 26-1-26-3. With Jiang's declaration, plaintiff included an accounting spreadsheet it asserts contains the financial transactions between the parties, and identifies the payments defendant made to plaintiff by invoice numbers, including those for the ten sales contracts at issue here. Declaration of Jing Jiang ("Jiang Decl."), docket no. 26-2, ¶ 6, Ex. A. Plaintiff contends its request for attachment of $616,369.49 takes into account the $464,347.70 in payments defendant identified, as demonstrated by the spreadsheet attached to Jiang's declaration. Reply at 6-7. Plaintiff also claims defendant "was already hundreds of thousands of dollars behind in payments to [plaintiff] at the time it entered into the agreements" at issue, and that defendant's payments "reduced the balance owed, but do not change the fact that the invoices at issue in [plaintiff's] application remain unpaid." *Id.* at 6, 7.

On November 14, 2016, defendant filed an objection to plaintiff's reply, arguing it is untimely under California Code of Civil Procedure § 484.060(c). Docket no. 29 at 2. As defendant notes in its objection, § 484.060(c) required plaintiff to file its reply "two court days prior to the date set for the hearing." *Id.* at 1 (quoting Cal. Code Civ. P. § 484.060(c)). Because the hearing on this matter was set for Tuesday, November 15, 2016, plaintiff filed its reply on Friday, November 11, 2016. *See* docket no. 26. But because the court was closed on Friday, November 11, 2016 for the Veteran's Day holiday, defendant argued "two court days prior to the date set for the hearing" was properly Thursday, November 10, 2016, thereby making plaintiff's reply untimely. Docket no. 29 at 2.

Defendant also objected to the three supplemental declarations plaintiff filed with its reply on November 11, 2016, arguing § 484.060(c) only permits filing a reply to a defendant's opposition and does not provide for filing additional declarations or other evidence. *Id.* Finally, defendant claimed plaintiff's three supplemental declarations violate California Code of Civil Procedure § 1005,

which requires any "moving and support papers" in support of an application for writ of attachment to be filed "at least 16 court days before the hearing." *Id.* (quoting Cal. Code Civ. P. § 1005(b)).

Defendant renewed these objections at the November 15, 2016 hearing. In addition, defendant claimed it was prejudiced by plaintiff's reply, arguing it attempts to shift plaintiff's claim for attachment from one based on breach of specific contracts between the parties to one based on a previously-unalleged theory of a general outstanding balance defendant owed to plaintiff. Moreover, defendant asserted that if plaintiff intends to seek attachment based on a more general outstanding balance, rather than the ten sales contracts originally at issue, then defendant could introduce its own evidence demonstrating plaintiff owes money to defendant that either wholly or partially offsets the amount plaintiff seeks to attach in its application, but lacked the time to introduce such evidence before the November 15, 2016 hearing.

As such, following the hearing, the court directed the parties to submit supplemental briefing addressing these issues. Docket no. 30. Pursuant to that order, defendant filed a supplemental opposition to plaintiff's application on November 17, 2016, accompanied by three supplemental declarations from Chuang, Wang, and Hua Li, defendant's accounting manager.[1] *See* docket no. 34. Plaintiff filed a supplemental reply on November 23, 2016. Docket no. 36.

---

[1] The court notes its November 15, 2016 minute order setting the supplemental briefing schedule incorrectly directed plaintiff to file its supplemental submission by November 17, 2016, with defendant's submission due by November 23, 2016. As discussed by the court and the parties during the November 15, 2016 hearing, the supplemental briefing schedule in fact intended for defendant to file the first supplemental submission and plaintiff to file its supplemental response thereafter by the dates noted in the November 15, 2016 minute order. Despite this error, the parties submitted their supplemental filings in accordance with the scheduling discussed during the November 15, 2016 hearing.

**III.**

**DISCUSSION**

**A. Timeliness of Plaintiff's Reply and Supplemental Declarations**

The court first considers defendant's November 14, 2016 objections to plaintiff's November 11, 2016 reply and three accompanying supplemental declarations. Defendant notes that under California Code of Civil Procedure § 484.060(c) (which applies to this federal proceeding for the reasons discussed below), plaintiff's reply was properly due on Thursday, November 10, 2016, as that date was "two court days" prior to the hearing set for Tuesday, November 15, 2016 after accounting for the Veteran's Day holiday on Friday, November 11, 2016, when the court was closed. Docket no. 29 at 2; *see* Cal. Code Civ. P. § 484.060(c). The court agrees that under the requirements of § 484.060(c), then, it appears plaintiff's November 11, 2016 reply was untimely.

As discussed at the November 15, 2016 hearing, however, the court appreciates the possibility of confusion over whether the Veteran's Day holiday could still be regarded as a "court day" for purposes of filing deadlines, for example, despite the court being closed in recognition of the holiday. Moreover, the court notes plaintiff argued during the November 15, 2016 hearing that good cause exists under § 484.090(d) for the court to consider the reply, even if it was filed late under the requirements of § 484.060(c). California Code of Civil Procedure § 484.090(d) allows the court "upon good cause shown" to "receive and consider at the hearing additional evidence, oral or documentary, and additional points and authorities, or it may continue the hearing for the production of the additional evidence or points and authorities." Cal. Code Civ. P. § 484.090(d).

In light of the potential confusion noted regarding the Veteran's Day holiday on Friday, November 11, 2016, the court disagrees with defendant's claim that plaintiff had "no excuse for the delayed filing, and it should not be considered

by the Court," and therefore finds good cause here to consider plaintiff's reply. *See* docket no. 29 at 2.

Next, the court considers defendant's objection to the three supplemental declarations plaintiff filed with its reply on November 11, 2016. Defendant is correct to note that § 484.060(c) does not provide for plaintiff to file supplemental declarations. *Id.*; *see* § 484.060(c) ("The plaintiff may file and serve upon the opposing party a reply two court days prior to the date set for the hearing."). But while § 484.060(c) appears to prohibit additional evidence filed with a reply, § 484.090(d) allows for the court to consider such evidence, as discussed above. Nor is the court persuaded plaintiff's supplemental declarations are barred by California Code of Civil Procedure § 1005, as defendant contends. *See* docket no. 29 at 2. Though defendant argues § 1005 requires any affidavit in support of an application for writ of attachment to be filed at least 16 days before the scheduled hearing, the relevant portion of that statute actually provides for the 16-day deadline "[u]nless otherwise ordered or specifically provided by law." Cal. Code Civ. P. § 1005(b).

Here, there are other deadlines "specifically provided by law" – namely, the applicable provisions of the California Code of Civil Procedure governing writ of attachment proceedings, §§ 481.010-493.050 – that control the parties' filings in this case. *See Pos-A-Traction*, 112 F. Supp. 2d at 1181. Thus, the court will not adopt the 16-day deadline required by § 1005, as defendant argues it should, to the extent that statute conflicts with any of these provisions, such as those dictating the deadlines by which the defendant in a writ of attachment proceeding may file an opposition, or by which the plaintiff may file a reply. *See* Cal. Code Civ. P. §§ 484.060(a), (c).

The court recognizes a defendant could be unfairly prejudiced if a plaintiff withheld evidence in support of a writ of attachment until its reply and the

defendant were given no fair opportunity to respond. But as discussed at the hearing, the court sees little utility in striking such evidence and requiring plaintiff to file a new application. Instead, the court directed the parties to submit supplemental briefing following the hearing, in part to allow defendant additional time to more adequately address the arguments plaintiff raised for the first time in its November 11, 2016 reply and the accompanying declarations. *See* Cal. Code Civ. P. § 1005(b) (setting a deadline of 16 court days before the hearing for all moving and supporting papers "[u]nless otherwise ordered"). In light of the order allowing supplemental briefing, § 1005 is not applicable, and the court finds defendant has not been unfairly prejudiced by either plaintiff's reply or the three supplemental declarations filed on November 11, 2016. *See* docket no. 29 at 2. The court therefore considers these filings, in addition to the supplemental briefs filed by the parties on November 17 and 23, 2016, in ruling on plaintiff's application for writ of attachment.

**B. <u>Applicable Attachment Law</u>**

Federal Rule of Civil Procedure 64 provides for prejudgment attachment, and other prejudgment remedies, as follows:

> (a) At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.
>
> (b) The remedies available under this rule include the following – however designated and regardless of whether state procedure requires an independent action: arrest; attachment; garnishment; replevin; sequestration; and other corresponding or equivalent remedies.

Fed. R. Civ. P. 64. Rule 64 codifies "long-settled federal law providing that in all cases in federal court, whether or not removed from state court, state law is incorporated to determine the availability of prejudgment remedies for the seizure of person or property to secure satisfaction of the judgment ultimately entered." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto. Truck Drivers, Local No. 70 of Alameda Co.*, 415 U.S. 423, 436 n.10, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974); *accord U.S. v. Van Cauwenberghe*, 934 F.2d 1048, 1063-64 n.13 (9th Cir. 1991).

"Attachment is an ancillary or provisional remedy to aid in the collection of a money demand by seizure of property in advance of trial and judgment." *Kemp Bros. Constr., Inc. v. Titan Elec. Corp.*, 146 Cal. App. 4th 1474, 1476, 53 Cal. Rptr. 3d 673 (2007) (internal quotation marks, emphasis, and citations omitted). "Attachment is a harsh remedy because it causes the defendant to lose control of his property before the plaintiff's claim is adjudicated." *Martin v. Aboyan*, 148 Cal. App. 3d 826, 831, 196 Cal. Rptr. 266 (1983).

In California, the procedures and grounds for obtaining orders permitting prejudgment writs of attachment are governed by California Code of Civil Procedure §§ 481.010-493.050. *Pos-A-Traction, Inc. v. Kelly-Springfield Tire Co.*, 112 F. Supp. 2d 1178, 1181 (C.D. Cal. 2000). Because California's attachment law is purely statutory, it must be strictly construed. *Kemp Bros. Constr.*, 146 Cal. App. 4th at 1476; *Pac. Decision Sci. Corp. v. Superior Court*, 121 Cal. App. 4th 1100, 1106, 18 Cal. Rptr. 3d 104 (2004).

California Code of Civil Procedure § 484.090 provides that before an attachment order may issue, the court must find all of the following:

> (1) The claim upon which the attachment is based is one upon which an attachment may be issued.
>
> (2) The plaintiff has established the probable validity of the

claim upon which the attachment is based.

(3) The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.

(4) The amount to be secured by the attachment is greater than zero.

Cal. Code Civ. P. § 484.090. To establish the "probable validity" of the claim, the applicant must show "it is more likely than not" it will obtain a judgment against the defendant on its claim. Cal. Code Civ. P. § 481.190. In other words, the plaintiff must, at a minimum, establish a prima facie case.

The moving party has the burden of establishing grounds for an attachment order. *Pos-A-Traction*, 112 F. Supp. 2d at 1181; *Loeb & Loeb v. Beverly Glen Music, Inc.*, 166 Cal. App. 3d 1110, 1116, 212 Cal. Rptr. 830 (1985). "Generally, an order of attachment may be issued only in an action for a claim of money [that] is based upon an express or implied contract where the total amount of such claim is a fixed or 'readily ascertainable' amount not less than $500.00." *Pos-A-Traction*, 112 F. Supp. 2d at 1181-82 (quoting Cal. Code Civ. P. § 483.010(a)). "A prejudgment attachment may secure the amount of the claimed indebtedness, as well as estimated costs and allowable attorney's fees." *Pos-A-Traction*, 112 F. Supp. 2d at 1182; *see Goldstein v. Barak Constr.*, 164 Cal. App. 4th 845, 852, 79 Cal. Rptr. 3d 603 (2008); Cal. Code Civ. P. § 482.110(b).

The application for a right to attach order must be supported by an affidavit or declaration showing that the applicant on the facts presented would be entitled to a judgment on the claim upon which the attachment is based. Cal. Code Civ. P. § 484.030. The affidavit or declaration must state the facts "with particularity." Cal. Code Civ. P. § 482.040. Except where matters are specifically permitted to be shown upon information and belief, each affidavit or declaration must show that the affiant or declarant, if sworn as a witness, can testify competently to the

facts stated therein. *Id.* "At a minimum, this means that the affiant or declarant must show actual, personal knowledge of the relevant facts, rather than the ultimate facts commonly found in pleadings, and such evidence must be admissible and not objectionable." *Pos-A-Traction,* 112 F. Supp. 2d at 1182. Moreover, "[a]ll documentary evidence, including contracts and cancelled checks, must be presented in admissible form." *Id.* (citation omitted).

"A defendant who opposes a right to attach order must give notice of his objection, 'accompanied by an affidavit supporting any factual issues raised and points and authorities supporting any legal issues raised.'" *Goldstein*, 164 Cal. App. 4th at 852 (quoting Cal. Code Civ. P. § 484.060(a)). The notice shall be filed and served upon the plaintiff "no later than five court days prior to the date set for the hearing." Cal. Code Civ. P. § 484.060(a). "The plaintiff may file and serve upon the opposing party a reply two court days prior to the date set for the hearing." Cal. Code Civ. P. § 484.060(c).

### C. Plaintiff's Application Does Not Meet the Statutory Requirements for Attachment

Of the four requirements for attachment under § 484.090, the third and fourth are easily met here. There is nothing in the record before this court to indicate that plaintiff seeks attachment for any purpose other than recovery on its underlying claim against defendant. *See* App. at 8. And the amount to be secured by the attachment here, $616,369.49, is significantly greater than zero.

But as discussed below, the court finds that plaintiff has not met its burden to show the second requirement under § 484.090 is satisfied, based on plaintiff's argument that defendant breached its obligations under the sales contracts at issue and lacked a valid excuse for non-payment. *See id.* Plaintiff also has not met its burden to show the first requirement under § 484.090 is satisfied, namely, that the claim is one upon which the attachment may be issued. This is so because an

attachment may be issued only, inter alia, where the total amount of the claim is "fixed or readily ascertainable" and not less than $500. Cal. Code Civ. P. § 483.010(a); *see Hamilton Beach Brands, Inc. v. Metric and Inch Tools, Inc.*, 614 F. Supp. 2d 1056, 1063 (C.D. Cal. 2009). As discussed below, the total amount here is neither fixed nor readily ascertainable.

The second requirement under § 484.090 is that plaintiff must demonstrate "it is more likely than not" it will obtain a judgment against defendant on its claim. Cal. Code Civ. P. §§ 481.190, 484.090(a)(2). The "probable validity" requirement is evaluated under the preponderance of the evidence standard. *Blastrac, N.A. v. Concrete Solutions & Supply*, 678 F. Supp. 2d 1001, 1005 (C.D. Cal. 2010) ("[T]he plaintiff must show it is more likely than not that it will obtain a judgment against the defendant.") (citing *Loeb & Loeb*, 166 Cal. App. 3d at 1120 ("In determining the probable validity of a claim where the defendant makes an appearance, the court must consider the relative merits of the positions of the respective parties and make a determination of the probable outcome of the litigation.")).

Here, plaintiff's complaint against defendant alleges breach of contract. Thus, for purposes of this application, plaintiff must prove the probable validity of each element of a breach of contract action: (1) the existence of a contract; (2) plaintiff's performance or excuse for non-performance; (3) defendant's breach; and (4) resulting damage to plaintiff. *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal. App. 3d 887, 913, 92 Cal. Rptr. 723 (Cal. Ct. App. 1971).

Plaintiff provided declaration and documentary evidence demonstrating that the parties entered into ten valid and written sales contracts. *See* Zhao Decl., Exs. 1-10. Plaintiff's exhibits contain ten one-page documents, each clearly marked "SALES CONTRACT", with stamped signatures identifying plaintiff as the seller and defendant as the buyer, among other contract terms. *See id.*

Plaintiff also provided corresponding commercial invoices, packing lists, and bills of lading demonstrating plaintiff performed its duties under the contracts, namely by shipping the goods identified in each of the sales contracts to defendant. *See id.* Defendant does not appear to dispute the validity of any of these documents. As such, the court finds plaintiff has established both the existence of the contracts at issue and plaintiff's performance under those contracts.

But the court agrees with defendant that plaintiff's evidence fails to prove the probable validity of either defendant's breach by failure to pay the money owed under these contracts, or plaintiff's resulting damages from any such failure to pay. Opp. at 7. Though plaintiff argues the Zhao Declaration demonstrates defendant failed to pay and has no excuse for non-payment, the evidence offered in support of the Zhao Declaration falls short of establishing plaintiff is still owed the amounts detailed across the ten sales contracts identified. Aside from those ten sales contracts and their accompanying documents, plaintiff's only documentary evidence accompanying the application is a May 21, 2015 letter to defendant demanding payment, sent by an attorney representing plaintiff.[2] Zhao Decl. ¶ 17, Ex. 11. This letter states in conclusory fashion that defendant has breached certain contracts by failing to pay money owed to plaintiff, but neither specifies the contracts at issue nor provides any documentary evidence to support its claims. *Id.* Plaintiff also provides no evidence demonstrating defendant actually received this letter.

Moreover, defendant supported its opposition with several exhibits containing bank statements demonstrating payments made to plaintiff or its export agent, Jiangsu, and credit agreements between the parties in which a third-party

---

[2] The court notes this May 21, 2015 letter demands payment from defendant in the amount of $587,117.07, not the $616,369.49 plaintiff claims is owed in the instant application. Zhao Decl., Ex. 11. Plaintiff does not address this discrepancy in its application and supporting evidence.

bank, Bank SinoPac, wired money to plaintiff on defendant's behalf. Chuang Decl. ¶¶ 19-29, Exs. F-N. While the payments identified in these documents do not explicitly reference the invoice numbers contained in the ten sales contracts at issue, they do establish that defendant has made at least some form of payment to plaintiff in the amount of $464,347.70, which defendant claims constitutes payment for at least the last seven invoices plaintiff cites in its application. *Id.* ¶ 19. As such, the court finds plaintiff has not shown it "delivered the equipment to [defendant], but [defendant] has failed to pay." App. at 8.

In its November 11, 2016 reply, plaintiff contends its request for attachment of $616,369.49 takes into account the $464,347.70 in payments defendant identified, as demonstrated by the spreadsheet attached to Jiang's declaration. Reply at 6-7. Plaintiff also claims defendant "was already hundreds of thousands of dollars behind in payments to [plaintiff] at the time it entered into the agreements" at issue, and that defendant's payments "reduced the balance owed, but do not change the fact that the invoices at issue in [plaintiff's] application remain unpaid." *Id.* at 6, 7.

Defendant addresses this argument in its November 17, 2016 supplemental brief filed in support of its opposition. Docket no. 34 ("Supp. Opp."). There, defendant contends the outstanding balance plaintiff alleges defendant owes is offset by a larger outstanding balance plaintiff owes to defendant. *Id.* at 6. First, defendant introduces a March 19, 2014 letter in which plaintiff confirms to defendant that it owes defendant $404,397.74 as of January 31, 2014. Supplemental Declaration of Jennifer Chuang ("Chuang Supp. Decl."), docket no. 34-1, ¶ 13, Attachment B. That letter is dated the same day as another letter plaintiff previously introduced with its reply on November 11, 2016. *See* Declaration of Brian Neach ("Neach Decl."), docket no. 26-3, ¶ 2, Exhibit A. The letter plaintiff introduced in its reply is signed by Jing Jiang, plaintiff's accounting

manager, and states that defendant owed plaintiff $574,829.49 on January 31, 2014. *Id.*

Next, defendant introduces evidence it argues demonstrates plaintiff currently owes defendant $1,264,296.95 for transactions between the parties from 2011 to 2014. Supp. Opp. at 6-7. Specifically, defendant claims plaintiff purchased recycled flakes and related byproducts from defendant. *Id.* at 6; Chuang Supp. Decl. ¶ 6. Defendant filed a declaration from its accounting manager, Hua Li, which attaches documents defendant claims are "summaries" of the financial transactions between the parties in which defendant sold goods to plaintiff, with outstanding balances of $692,746.37, $35,127.08, and $536,423.50 totaling $1,264,296.95. *See* Declaration of Hua Li ("Li Decl."), docket no. 34-2, ¶¶ 7-15, Exs. A-D. Thus, defendant claims plaintiff's new arguments and evidence from its November 11, 2016 reply – in which plaintiff argues attachment is warranted because of a more general outstanding balance owed that is less specifically tied to the ten sales contracts originally at issue in plaintiff's application – in fact conceal plaintiff's own outstanding balance owed to defendant that is larger than the balance defendant allegedly owes plaintiff. Supp. Opp. at 7. Defendant therefore argues this evidence fully offsets the $619,369.49 plaintiff seeks to attach in this application. *Id.*

In its supplemental response filed November 23, 2016, plaintiff argues defendant's evidence of offsetting balances between the parties is irrelevant to the resolution of its application. *See* docket no. 36 ("Supp. Reply") at 4-6. Plaintiff also reiterates its argument that defendant continues to owe plaintiff $619,369.49 pursuant to the ten sales contract at issue, and that Shuwei Zhao's declaration is sufficient to establish the amounts due on those contracts remain outstanding. *Id.* at 6.

Finally, plaintiff argues California law allows it to apply defendant's

payments to "older outstanding agreements" between the parties, thereby making the amount due on the ten sales contracts at issue still outstanding. *Id.* at 3-4. According to plaintiff, California Civil Code § 1479 allows a creditor to apply a debtor's performance "toward the extinction of any obligation" when the debtor, at the time of performance, fails to manifest an "intention or desire . . . that such performance should be applied to the extinction of any particular obligation." *Id.* at 3 (quoting Cal. Civ. Code § 1479). Plaintiff appears to allege that because defendant, as the debtor in the transactions at issue, made no such manifestation at the time of its payments, plaintiff was therefore entitled to apply the payments defendant cites in its opposition to "reduce balances owed by [defendant] on previous agreements . . . entirely in alignment with California law." *Id.* at 4.

The court notes that during the November 15, 2016 hearing, the court and the parties discussed a supplemental briefing schedule in part to allow defendant time to more adequately respond to the arguments presented for the first time in plaintiff's November 11, 2016 reply. But the court also directed additional briefing to allow plaintiff to supplement those arguments and evidence presented in its reply, in order to better demonstrate any agreement between the parties that would support either the claim that defendant has specifically failed to pay the money owed on the ten sales contracts at issue, or the claim that the parties shared an understanding that any payments made would not be applied to a specific contract, but rather to reduce the longest-outstanding balance owed from one party to another. Notwithstanding the evidence defendant introduced alleging plaintiff owes money to defendant that exceeds the sum plaintiff seeks to attach here, plaintiff has offered no further evidence establishing either claim.

Instead, plaintiff cites to a provision of the California Civil Code and states in conclusory fashion that defendant, as the debtor in the transactions at issue, failed to indicate an intention or desire to have a certain payment applied towards

a certain obligation, thereby allowing plaintiff to apply defendant's payments to the obligations earliest in maturity. *See* Supp. Reply at 4. Despite this claim, plaintiff has introduced no documentary evidence tending to demonstrate the parties had such an understanding, or that defendant regularly failed to manifest a desire that its payments be applied to a particular obligation under a particular contract, as opposed to a larger outstanding balance. On the contrary, defendant introduced evidence indicating plaintiff has received at least $464,347.70 in payments during the time period at issue. Jennifer Chuang, defendant's Chief Financial Officer, further stated that the payments in that amount were intended "for the last seven sales invoices cited by [plaintiff]" in its application. Chuang Decl. ¶ 19. Moreover, plaintiff's own attached accounting spreadsheet lists amounts received from defendant for the ten invoices at issue that correspond to the payments defendant identifies in its attached bank statements. Jiang Decl., Ex. A at 2. While that same spreadsheet may establish that defendant continues to owe plaintiff an unpaid balance, any such balance does not make it "more likely than not" that plaintiff will obtain a judgment against defendant for breaching its obligations under the ten sales contracts at issue in plaintiff's application, when plaintiff's own evidence indicates it received payments from defendant on all ten of those contracts. *See Loeb & Loeb*, 166 Cal. App. 3d at 1120.

Indeed, even without evaluating the merits of defendant's supplemental argument that plaintiff owes defendant money exceeding the amount plaintiff seeks to attach here, it appears defendant continued to pay money owed on particular contracts despite its claim that plaintiff owed defendant $1,264,296.95 from unrelated transactions, rather than simply refusing to pay anything due to the offsetting balances. The court notes California Civil Code § 1479 only applies when a debtor "under several obligations to another" renders performance that is "equally applicable to two or more of such obligations." Cal. Civ. Code § 1479.

Plaintiff has not shown that the parties intended for one of defendant's payments to apply equally to two or more of such obligations under the various contracts between the parties, or the larger outstanding balance owed from one party to another, as opposed to one particular contractual obligation.

Further, if neither party manifests an intention for a particular performance to apply to a particular obligation, § 1479 requires that particular performance to first extinguish any "principal due at that time" before extinguishing "the obligation earliest in date of maturity," despite plaintiff's claim to the contrary. *Id.*; *see* Supp. Reply at 4. Here, the evidence establishes defendant made at least some payments that correspond exactly to amounts due on invoices that are subsequent to the earlier obligations plaintiff now seeks to include in support of its claim for attachment. *See* docket no. 26-2, Ex. A. As such, it appears those payments are properly applied to the amount due on the corresponding invoices, as defendant contends and as plaintiff originally argued in its memorandum supporting its application.

On the basis of this record, then, the court finds none of the evidence plaintiff offers makes the necessary showing that defendant has failed to pay for the equipment and machinery identified on the ten sales contracts. Thus, because plaintiff has not shown defendant breached the contracts at issue by failing to pay, or that plaintiff suffered damages resulting from such a breach, plaintiff has not demonstrated that it is more likely than not plaintiff will obtain a judgment against defendant for breach of contract. Moreover, in light of plaintiff's failure to effectively address the documentary evidence defendant offered in opposition to plaintiff's application demonstrating payment of at least some of the alleged money owed, plaintiff has failed to demonstrate that this defense is "less than fifty

percent likely to succeed."[3] *Blastrac*, 678 F. Supp. 2d at 1007. Certainly, given the payments made, plaintiff has not shown any amount that may be due is fixed or readily ascertainable.

As set forth above, attachment is a "harsh remedy," and thus the moving party bears the burden of proving that the statutory requirements have been satisfied. *See Pos-A-Traction*, 112 F. Supp. 2d at 1181; *Loeb & Loeb*, 166 Cal. App. 3d at 1116. Plaintiff has not met that burden here. Accordingly, the court concludes plaintiff is not entitled to a writ of attachment.

**IV.**

**CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff's application for writ of attachment (docket no. 10) is DENIED.

DATED: December 2, 2016

SHERI PYM
United States Magistrate Judge

---

[3] In its supplemental reply, plaintiff argues defendant's evidence of an offsetting balance fails to establish that any such offset is based on a claim "upon which an attachment could be issued." Supp. Reply at 5 (quoting Cal. Code Civ. P. §§ 483.015(b)(2), (3)). However, § 483.015 "only becomes relevant once the writ applicant has demonstrated its right to an attachment by meeting the requirements of California Code of Civil Procedure section 484.090, including the probable validity of its claim." *Blastrac*, 678 F. Supp. 2d at 1007. For the reasons discussed, the court finds plaintiff has failed to establish the probable validity of its claim. Thus, the court does not need to determine whether defendant's evidence of an offsetting balance is sufficient to establish a claim upon which an offsetting attachment could be issued in defendant's favor.